

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00322-CV

_____

## IN THE INTEREST OF J.G., M.D. JR., C.D., AND L.D., CHILDREN

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CV17-11-994

Before Bassel, Gabriel, and Kerr, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

This is an ultra-accelerated appeal[1] in which Appellant M.D. Sr. (Father) attempts to appeal the termination of his parental rights to his four children: John, Matthew, Cindy, and Luke.[2] On December 16, 2019,[3] we informed the parties that in light of the Texas Supreme Court's recent opinion in *In re R.R.K.*, No. 18-0273, 2019 WL 6825953 (Tex. Dec. 13, 2019), we were concerned that we lack jurisdiction over this appeal. In *R.R.K.*, the Texas Supreme Court held that the trial court's memorandum, which lacked many of the required statutory elements for a final judgment in a suit affecting the parent–child relationship, was not a final judgment. *See id.* at *6. Our letter explained,

> Here, the record includes a thirteen-page final termination order that was signed by the associate judge on May 1, 2019. But five days later, the associate judge granted Appellant Father's motion for new trial, thus vacating the termination order. *See In re S.C.S.*, No. 07-11-00299-CV, 2011 WL 5245190, at *1 (Tex. App.—Amarillo Nov. 3, 2011, no pet.) (mem. op.).
>
> The record then includes a two-paragraph, one-page letter that the associate judge issued on June 24, 2019, after holding a new trial. That letter, which states that Father's parental rights are terminated, does not

---

[1]*See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate court to dispose of appeal from judgment terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[2]*See* Tex. R. App. P. 9.8(b)(2) (requiring court to use aliases to refer to minors in an appeal from a judgment terminating parental rights). All children are referred to using aliases.

[3]Although Appellant Father's brief was filed that same day, he did not challenge the finality of the termination order.

meet the requirements of Texas Family Code section 161.206(d).  *See* Tex. Fam. Code Ann. § 161.206(d).  After Appellant Father requested a de novo hearing, the trial court issued an order stating that it had "**ADOPT[ED]** and **APPROVE[D]** the findings and orders of Associate Judge Alyce Bondurant."

Because the trial court adopted and approved a letter ruling that does not comply with the statutory requirements for an order terminating parental rights, it appears that there is no final judgment or order subject to appeal and that Appellant's notice of appeal is premature.  *See* Tex. R. App. P. 26.1(a), 27.1(a).

Our letter gave the parties until December 23, 2019, to furnish this court with a signed copy of a compliant termination order and warned that the failure to do so would result in dismissal of the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f), 44.3, 44.4(a)(2).  No motion for extension was filed, nor did we receive a termination order.[4]

---

[4]The Department's brief was due January 6, 2020.  On that date, the Department filed a motion for extension of time to file its brief and acknowledged our December 16 letter:

A December 16, 2019 letter from the Clerk stated if a compliant termination order had not been signed and furnished to the Court by December 23, 2019, the appeal would be dismissed for want of jurisdiction.  The undersigned counsel has inquired of trial counsel to obtain such a compliant order.  As of the preparation of this motion, it does not appear that such a compliant order has been furnished to the Court by supplementing the clerk's record.

Based on our disposition of the appeal, the Department's motion for extension is denied as moot.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

Per Curiam

Delivered: January 9, 2020